IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MOSI TYRONE WELLS,                *

    Plaintiff,                *

vs.                               *
                                      CASE NO. 4:11-CV-79(CDL)
COLUMBUS TECHNICAL COLLEGE, et *
al.,
                             *

    Defendants.
                             *

O R D E R

This action arises from the suspension of Plaintiff Mosi Wells ("Wells"), a welding student, from Columbus Technical College ("Columbus Tech") for twelve months after three incidents of allegedly disruptive behavior on the college's campus that violated the Student Code of Conduct. Wells, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 asserting claims against the college and its President, Vice President of Academic Affairs, and two welding instructors. Wells asserts that the Defendants violated his procedural and substantive due process rights in violation of the Fourteenth Amendment. Pending before the Court is Defendants' motion to dismiss (ECF No. 11) for failure to state a claim. For the following reasons, Defendants' motion is granted.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The Court can properly consider documents referred to in the complaint and not attached thereto without converting a 12(b)(6) motion to dismiss into a summary judgment motion if the documents are central to the plaintiff's claim and the authenticity is not challenged. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes

a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL BACKGROUND

Wells alleges the following, which must be accepted as true for purposes of the pending motion to dismiss. *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).[1]

Wells was a student at Columbus Tech, which is part of the technical college system of Georgia. Wells was involved in three on-campus incidents at the college deemed "unacceptable behavior" by the Vice President of Academic Affairs, Defendant Linn Storey. Compl. Ex. A, Letter from L. Storey to M. Wells (June 3, 2011), ECF No. 1-1 at 1 [hereinafter Suspension Letter]. The first incident occurred on April 28, 2011 in the college library between Wells and student Michael Doll and resulted in a written warning to Wells. *Id.*; Compl. Ex. B, Email from M. Wells to B. Jones (June 13, 2011), ECF No. 1-1 at 2 [hereinafter Wells Email]. This incident involved a verbal and physical altercation in which Wells hit the other student,

---

[1] Wells filed an Amendment to Complaint (ECF No. 6) ("Amended Complaint"), which only altered the formatting of the original Complaint (ECF No. 1) and the relief requested. It is otherwise identical, and the Court cites to the Amended Complaint. Although the exhibits attached to the Complaint were not separately attached to the Amended Complaint, they were incorporated by reference in the Amended Complaint, and thus they were considered by Defendants in their motion and may be properly relied upon by the Court in deciding Defendants' motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

3

Wells and the other student exchanged hits, and the other student pinned Wells against a wall. Defs.' Pre-Answer Mot. to Dismiss [Defs.' Mot.] Ex. A, 4/28/11 Incident Report, ECF No. 11-2.[2] The second incident, involving Wells and two other students, took place on May 23 or 24, 2011 in Defendant William Cooper's welding classroom and lab area. Am. Compl. 4, ECF No. 6; Suspension Letter; Wells Email. The third incident was related to the second incident and occurred on June 1, 2011. Suspension Letter; Wells Email.

On June 1, 2011, Wells met with Storey about the incident report that welding instructor Ronnie McBride filed concerning the second incident. During this meeting, Storey read the incident report to Wells, and Wells told his version of the events related to the report. Storey then told Wells that she would conduct an investigation into the second incident and warned Wells that he would be suspended if another incident occurred.

---

[2] Defendants attached two incident reports to their motion to dismiss and ask the Court to take judicial notice of these public records to show that "(1) these incident reports exist; and (2) copies were provided to Defendant Storey." Defs.' Br. in Supp. of Defs.' Mot. 4-5, ECF No. 11-1. The Court can properly consider documents referred to in the complaint and not attached thereto without converting a 12(b)(6) motion to dismiss into a summary judgment motion if the documents are central to the plaintiff's claim and the authenticity is not challenged. *Speaker*, 623 F.3d at 1379. Wells referred to the 4/28/11 Incident Report in his Amended Complaint and in exhibits attached to his original Complaint. Moreover, this report goes to the heart of Wells's claims. Therefore, the Court shall consider this report.

Wells then returned to the welding shop and talked to faculty members Cooper and McBride in McBride's office about the incident report. He asked them, "Why did you lie on me?" Am. Compl. 2. McBride told Wells that he wrote the report according to his interviews of Wells and the other students involved in the incident. When Wells began to cry, Cooper and McBride told him to calm down and threatened to call security. Wells asked McBride twice, "Did he respect me as a man?" and accused them of telling lies about him. *Id.* at 3. McBride asked Wells to leave his office, but Wells did not leave. McBride then called campus security stating that an irate student was in his office. Wells, standing with the desk between him and McBride, "looked him straight in the eye and said, 'Cracker you wanna go off on somebody and do you see these tears in my eyes? They real, remember that, and you trying to get me kicked out this school.'" *Id.* Wells "continued on for several more moments asking the same question" and then left the office and the welding shop. *Id.* Two security guards stopped Wells and escorted him off campus. Wells was told that he had to leave campus for the day, but he could return the next day.

Storey initiated the suspension process by sending an email to instructors and campus security that afternoon. The first email stated that Wells was "suspended and banned from campus." Compl. Ex. E, Email from L. Storey to S. Beecham *et al.* (June 1,

5

2011), ECF No. 1-1 at 5. Unaware of this email, Wells returned to campus the next day. Wells's instructor Carmon Overton sent Storey an email stating that Wells was in her classroom. Compl. Ex. E, Email from C. Overton to L. Storey (June 2, 2011), ECF No. 1-1 at 5. In reaction, Storey sent an email instructing security guards to ask Wells to leave campus. Compl. Ex. E, Email from L. Storey to S. Prophet & H. Edwards (June 2, 2011), ECF No. 1-1 at 5. Security guards then escorted Wells from his classroom and off campus.

On June 8, 2011, Wells received a suspension letter in the mail. The letter stated that Wells violated the Student Code of Conduct and was suspended for a period of "12 months due to repeated classroom disruption, use of profanity and threatening behavior." Suspension Letter. The letter further stated that, Wells "may apply in writing to the President of the College for reinstatement after one year." *Id.*

Wells filed a written notice of appeal to the Office of the President of the college via email on June 13, 2011. Wells Email. President Jones responded on June 16, 2011, stating that he found "no reason to mitigate or void [Wells's] suspension," and cautioning Wells that his "inability to manage [his] anger is going to be an impediment to getting where [he] want[s] to go in life." Compl. Ex. C, Email from B. Jones to M. Wells (June 16, 2011), ECF No. 1-1 at 4.

6

DISCUSSION

Wells alleges that Defendants violated his procedural due process rights by failing to provide him with a hearing before and/or after he was suspended. He contends that his substantive due process rights were violated because the twelve month suspension was disproportionate to the offense and the suspension denied him the right to practice and learn his trade, which deprived him of his property and liberty. In addition to monetary damages, Wells seeks injunctive and declaratory relief.

Construing "the complaint more liberally than it would formal pleadings drafted by lawyers," the Court interprets the Amended Complaint to allege claims against Defendants in both their official and individual capacities. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). Even construing the Complaint liberally in Plaintiff's favor, it is completely devoid of any meaningful factual allegations against Defendants Cooper and McBride. Those claims therefore must be dismissed, and the Court's dismissal of them requires no further discussion. As to the remaining Defendants, the Court first addresses the official capacity claims and then analyzes the claims against the Defendants in their individual capacities.

**I.   Claims Against Columbus Tech and its Employees in Their Official Capacities**

<u>A.</u>   <u>Monetary Damages</u>

The Eleventh Amendment bars actions against a state or its agencies, departments, or officials, absent a waiver by the state or Congress, when the state is the real party in interest or when state officials are sued in their official capacities. *Ky. v. Graham*, 473 U.S. 159, 169 (1985).  Columbus Tech, which is part of the Technical College System of Georgia, is a state entity for Eleventh Amendment purposes.  *E.g.*, *Sarver v. Jackson*, No. 2:08-CV-0077-RWS, 2008 WL 4911836, at *3 (N.D. Ga. Nov. 13, 2008) (applying Eleventh Amendment immunity to North Georgia Technical College as a state agency).  Furthermore, the Court finds that for purposes of the present motion and Eleventh Amendment analysis, the Defendant employees of Columbus Tech who are sued in their official capacities are state officials.  Accordingly, by suing these Defendants, Wells is suing the State of Georgia.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office.  As such, it is no different from a suit against the State itself.") (internal quotation marks omitted).

8

"Congress has not abrogated states' immunity from § 1983 suits." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007). The State of Georgia, Columbus Tech, and the Defendants in their official capacities have not consented to be sued under 42 U.S.C. § 1983. Therefore, Wells's claims for monetary damages against Columbus Tech and the named Defendants in their official capacities must be dismissed.

### B.   Injunctive and Declaratory Relief

Wells also seeks declaratory and injunctive relief. He asks the Court to require reformation of Columbus Tech's student conduct policies and disciplinary procedures that allegedly led to Defendants' violation of his due process rights. Am. Compl. 9. The Eleventh Amendment does not prevent the granting of injunctive and declaratory relief against a state official in his official capacity in every case. Prospective relief against a state official in his official capacity to prevent future federal constitutional or federal statutory violations is not treated as an action against the state, and such relief is thus not barred by the Eleventh Amendment. *Ex parte Young,* 209 U.S. 123 (1908); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). To determine whether a plaintiff has alleged a claim avoiding Eleventh Amendment immunity under *Ex parte Young,* the Court "need only conduct a 'straightforward inquiry into whether

9

[the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (alteration in original) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)). "An allegation of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction." *Coeur d'Alene,* 521 U.S. at 281. Moreover, declaratory relief is available only when there are ongoing or threatened violations of federal law. *See Green v. Mansour,* 474 U.S. 64, 73 (1985).

The Court finds that Wells has not alleged a claim for prospective relief to prevent future violations of his federal constitutional rights. Instead, he seeks injunctive and declaratory relief to remedy alleged past violations of his constitutional rights. Furthermore, he has failed to allege that he is being subjected to ongoing or threatened violations of federal law. Therefore, his claims for injunctive and declaratory relief are not permitted by *Ex parte Young* and are barred by the Eleventh Amendment. Accordingly, the Court dismisses Wells's claims for injunctive and declaratory relief.

**II.   Claims Against Defendants in Their Individual Capacities**

Wells asserts claims against Defendants in their individual capacities for violations of his procedural and substantive due process rights. Defendants seek dismissal of these claims, contending that Wells's allegations fail to state a claim upon which relief may be granted, and to the extent that a constitutional violation may be sufficiently alleged, they are protected by qualified immunity.

A.   Procedural Due Process Claims

Wells claims that he was not afforded procedural due process when Storey failed to conduct a preliminary investigation and when Defendants denied him pre-suspension and post-suspension hearings where he would have had an opportunity to question adverse witnesses against him or submit questions to a hearing officer. "To establish a violation of procedural due process, a party must show that it has been deprived of a constitutionally protected property interest; through state action; and the procedure for doing so was constitutionally inadequate." *A.A.A. Always Open Bail Bonds, Inc. v. DeKalb Cnty., Ga.*, 129 F. App'x 522, 523 (11th Cir. 2005) (per curiam) (citing *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003)). Wells had a property interest in his continued enrollment at Columbus Tech and he "could not be deprived of that interest without due process." *Castle v.*

11

*Appalachian Technical Coll.*, 631 F.3d 1194, 1199 (11th Cir. 2011).

### 1. Denial of Pre-Deprivation Hearing

Students charged with misconduct are entitled to due process rights to the extent that "they be provided with 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* at 1200 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Therefore, before a student is suspended, even if that suspension is no more than ten days, "'notice and hearing should *precede* removal of the student from school.'" *Id.* at 1200 (quoting *Goss v. Lopez*, 419 U.S. 565, 582 (1975)). But, an exception to pre-suspension hearings applies "where a student's 'presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process,' in which case the student may be immediately removed from school and a 'hearing should follow as soon as practicable.'" *Id.* (quoting *Goss*, 419 U.S. at 582-83).

Defendants assert that they are entitled to qualified immunity as to Wells's pre-deprivation due process claim against them in their individual capacities. "Qualified immunity shields governmental officials executing discretionary responsibilities from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

12

*Williams*, 477 F.3d at 1300 (internal quotation marks omitted). In evaluating Defendants' 12(b)(6) motion to dismiss based on qualified immunity, "the court should grant qualified immunity if the plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right." *Id.* "The applicable law is clearly established if preexisting law dictates, that is, truly compel[s], the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances." *Evans v. Stephens*, 407 F.3d 1272, 1282 (11th Cir. 2005) (alteration in original) (internal quotation marks omitted).

To determine whether Defendants are entitled to qualified immunity on Wells's pre-deprivation hearing due process claim, the Court must decide whether it was clearly established at the time Defendants failed to provide Wells a pre-suspension hearing that a person exhibiting the type of conduct exhibited by Wells would not be considered "a continuing danger to persons or property or an ongoing threat of disrupting the academic process." *Goss*, 419 U.S. at 582. The case law applying the "continuing danger" exception to the due process requirement for a pre-suspension hearing is sparse. The Eleventh Circuit has addressed the issue in *Castle*, finding that the student was entitled to a pre-suspension hearing. 631 F.3d at 1200. The

13

*Castle* court found that the allegations against the student were not sufficiently serious to show she posed a threat because the student was not accused of being involved in any physical altercations or creating a public safety concern. The most serious allegation against her involved her threatening other students months before she was suspended. *Id.*

This case presents a close question. The incidents for which Wells was suspended included: (1) a verbal and physical altercation with another student in the campus library in April 2011; (2) an incident, not described in detail in the Amended Complaint, with two other students in a welding classroom in May 2011; and (3) a verbal incident between Wells and instructors on June 1, 2011 after being warned by Storey to behave and immediately before being suspended. The Court finds that this conduct was more threatening and disruptive than the conduct in *Castle.*

Pretermitting whether Wells's conduct was sufficiently threatening and disruptive to justify his suspension without a pre-deprivation hearing consistent with due process, the Court finds that Defendants are entitled to qualified immunity as to that claim. It was not clear at the time that the denial of a pre-deprivation hearing under the circumstances would have been a violation of Wells' due process rights. A reasonable official in Storey or Jones's position would not have known whether it

14

was clearly established that under the circumstances with his disciplinary history Wells could not be denied a hearing before being suspended. "A government agent is entitled to immunity unless his act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." *Rehberg v. Paulk*, 611 F.3d 828, 838 (11th Cir. 2010) (internal quotation marks omitted). In other words, courts "generally accord . . . official conduct a presumption of legitimacy." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal quotation marks omitted).

In summary, Wells's federal right to a pre-deprivation hearing was not clearly established under these circumstances as required for a plaintiff to overcome qualified immunity. The Court finds that the Defendants are entitled to qualified immunity as to Wells's claim that the denial of a pre-suspension hearing deprived him of procedural due process. *See Castle*, 631 F.3d at 1201 (holding that notwithstanding the constitutional violation in denying a pre-deprivation hearing, the district court did not err in finding that defendants were protected by qualified immunity where it was not clearly established at the time of plaintiff's suspension that due process required a pre-suspension hearing).

### 2. Denial of Post-Deprivation Hearing

Regarding Wells's claim that his due process rights were violated when Defendants failed to provide him with a post-deprivation hearing, the law was clearly established that Wells was at least entitled to such a hearing. Yet, no hearing was ever held. Defendants argue that regardless of his right to a hearing, Wells fails to state a claim for a procedural due process violation because he has an adequate state procedural remedy: a writ of mandamus. The Court agrees.

"It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (per curiam). If "the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered . . . then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so." *Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1300 (11th Cir. 2000).

Georgia law authorizes the remedy of mandamus "when no other specific legal remedy is available and a party has a clear legal right to have a certain act performed," or "when an official abuses his discretion." *Cotton*, 216 F.3d at 1332

(citing O.C.G.A. § 9-6-20).  A plaintiff fails to state a procedural due process claim when he fails to avail himself of a writ of mandamus when it is available. *Coates v. Natale*, 409 F. App'x 238, 240 (11th Cir. 2010) (per curiam).  A writ of mandamus issued by a Georgia state court is an available state remedy when a college student is expelled and deprived of her right to a hearing after her expulsion. *Id.*  As discussed above, Wells had a clear legal right to at least a post-suspension hearing which was denied during the exhaustion of his remedies within the hierarchy at Columbus Tech.  Thus, under Georgia law a writ of mandamus was available to Wells; and, that remedy was clearly adequate to ensure the protection of his due process rights. *Cotton*, 216 F.3d at 1333.

Because the writ of mandamus would be an adequate and available remedy under Georgia law to Wells, Wells has failed to state a claim for a post-deprivation procedural due process violation.  Accordingly, that claim must be dismissed.[3]

B.  <u>Substantive Due Process</u>

Wells alleges that his suspension violated his substantive due process rights.  Substantive due process protects fundamental rights, rights "implicit in the concept of ordered

---

[3] To the extent that Wells asserts a "stigma-plus" procedural due process claim based upon Defendants' failure to provide him with a "name-clearing hearing," that claim must be dismissed for the same reasons that his post-hearing deprivation claim is dismissed: he had the mandamus remedy available to obtain such hearing. *Cotton*, 216 F.3d at 1330, 1332-33.

liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (internal quotation marks omitted). Wells alleges that he has been denied the fundamental rights of an education and the right to learn a trade. These are not the types of rights that are deemed so fundamental that they implicate substantive due process. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (cataloging recognized fundamental rights protected by substantive due process)*; see also, e.g.*, *Plyler v. Doe*, 457 U.S. 202, 221 (1982) (education is not a fundamental right); *Debra P. v. Turlington*, 644 F.2d 397, 403 (5th Cir. Unit B 1981) (same)[4]*; McDaniel v. Thomas*, 248 Ga. 632, 646-47, 285 S.E.2d 156, 166-67 (1981) (same); *and see Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) (right to do business is not a fundamental right established under the Constitution and protected by substantive due process); *Kirkpatrick v. Shaw*, 70 F.3d 100, 103 (11th Cir. 1995) (per curiam) (right to practice law is not a fundamental right). The Court finds that Wells has failed to state a claim for a substantive due process violation and dismisses this claim.

### III. Wells's Request for Appointment of Counsel

In Wells's response to Defendants' motion to dismiss, Wells asks the Court to appoint him legal counsel. Mot. to Strike 6,

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

18

ECF No. 13. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by "exceptional circumstances." *Id.* In deciding whether legal counsel should be provided, the Court should consider, "among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Having considered all of the relevant factors, the Court finds that appointment of counsel is not warranted in this case. Accordingly, Wells's motion for appointment of counsel (ECF No. 13 at 6) is denied.

## CONCLUSION

For the reasons given in this Order, the Court grants Defendants' motion to dismiss (ECF NO. 11), dismissing all claims against all Defendants. The Court also denies Wells's motion for appointment of counsel (ECF No. 13). All other pending motions (ECF Nos. 9, 10, 13, 20) shall be terminated as moot.

IT IS SO ORDERED, this 16th day of April, 2012.

                                            S/Clay D. Land
                                               CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE