IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MOSI TYRONE WELLS, | * |
| Plaintiff, | * |
| vs. | * |
| COLUMBUS TECHNICAL COLLEGE et al., | * |
| Defendants. | * |
| | * |

CASE NO. 4:11-CV-79(CDL)

O R D E R

After the Court granted Defendants' Motion to Dismiss (ECF No. 11) and the Clerk entered Judgment (ECF No. 22) in favor of the Defendants, Plaintiff Mosi Wells ("Wells") filed a Motion to Alter or Amend Judgment (ECF No. 23), a Motion to Appoint Counsel (ECF No. 25), and a Motion for Judgment as a Matter of Law (ECF No. 26). For the following reasons, Wells' motions (ECF Nos. 23, 25, & 26) are denied.

DISCUSSION

Wells moves to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e). Mot. to Alter or Amend J. 1, ECF No. 23. "[T]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (second alteration in original) (internal quotation marks omitted). Further, "[A] Rule 59(e) motion [cannot be

used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (alterations in original) (internal quotation marks omitted). Wells has not identified any newly discovered evidence or any manifest errors of law or fact. Therefore, the Court denies Wells' Rule 59(e) motion.

Similarly, even if the Court liberally construes Wells' *pro se* Motion to Alter or Amend the Judgment as one for reconsideration, Wells cannot prevail. The Eleventh Circuit has recognized that reconsideration is justified where there is: (1) new evidence; (2) an intervening change or development in controlling law; and (3) the need to correct the court's clear error or manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (per curiam). The Court finds that Wells has not satisfied any of these grounds for reconsideration and denies Wells' motion.

Wells has also filed a document entitled a Motion for Judgment as a Matter of Law, requesting that the Court rule on the pending Motion to Alter or Amend Judgment "as soon as possible." Mot. for J. as a Matter of Law 1, ECF No. 26. That motion is moot because this Order fully resolves Wells' Motion to Alter or Amend Judgment.

CONCLUSION

For the foregoing reasons, Wells' Motion to Alter or Amend Judgment (ECF No. 23) is denied.  Because denial of that motion resolves all issues in the case, the Court also finds Wells' Motion for Judgment as a Matter of Law (ECF No. 26) and Motion to Appoint Counsel (ECF No. 25) moot.[1]

IT IS SO ORDERED, this 11th day of June, 2012.

                                                S/Clay D. Land
                                                      CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it previously considered and denied Wells' request for appointment of counsel in its April 16, 2012 Order. *Wells v. Columbus Technical Coll.*, No. 4:11-CV-79 (CDL), 2012 WL 1300276, at *7-*8 (M.D. Ga. April 16, 2012).